IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONELL R. SIMS,<br><br>  Plaintiff,<br><br>v.<br><br>DELAWARE DEPARTMENT OF JUSTICE, et al.,<br><br>  Defendants. | :<br>:<br>:<br>:<br>: Civil Action No. 22-520-CFC<br>:<br>:<br>:<br>:<br>: |

-------------------------------------------------

| | |
|---|---|
| RONELL R. SIMS,<br><br>  Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL KATHLEEN JENNINGS, et al.,<br><br>  Defendants. | :<br>:<br>:<br>:<br>: Civil Action No. 22-521-CFC<br>:<br>:<br>:<br>:<br>: |

Ronell R. Sims, Wilmington, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

November 14, 2022
Wilmington, Delaware

CONNOLLY, Chief Judge:

Plaintiff Ronell R. Sims Collins appears *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced both actions on April 25, 2022. Because both cases name the same defendants and raise the same claims, the Court proceeds to screen both Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   BACKGROUND

The following facts are taken from the Complaint in Civ. No. 22-520-CFC, and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The facts found in the Complaint in Civ. No. 22-521-CFC are virtually identical, and both Complaints contain the same exhibits. Both Complaints name seven defendants: Delaware Department of Justice, Office of Defense Services, Wilmington Police Department, Kathleen Jennings, Kevin O'Connell, Robert Tracy, and TKO Maynard. To make thing simple, the Court cites only to Civ. No. 22-520-CFC.

Plaintiff alleges that that "each defendant used their elected and/or sworn positions to partake in the continuum of abuse of power violating [his] Fifteenth Amendment right to due process." (D.I. 2 at 4) Plaintiff alleges that there was a family property dispute and that Detective Boseman (not a defendant), along with the Delaware Office of the Attorney General, indicted Plaintiff without allowing him to provide an affidavit of facts at a preliminary hearing in violation of the Fifteenth amendment. (*Id.*) The family property dispute has caused a schism in Plaintiff's family and gross slander has caused him harm. (*Id.* at 5)

1

Plaintiff was indicted on or around March 2021. (*Id.*) He alleges that there was an erroneous grand jury hearing in the New Castle County Courthouse. (*Id.*) It appears that his criminal case is currently pending the Superior Court of the State of Delaware in and for New Castle County, Criminal Action No. 2006003726. (*Id.*) Plaintiff is represented by counsel in the criminal matter. (D.I. 2-2)

For relief, Plaintiff demands an investigation of Boseman and the prosecutors who attended the grand jury hearing and that the alleged victim be reinterviewed. (*Id.*)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual

2

scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). But before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

The Complaints fail to state claims for numerous reasons. First, Plaintiff raises his claim under the Fifteenth Amendment and alleges violations of his right to due process. The Fifteenth Amendment does not contain a due process clause. Rather, it states "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S.C.A. Const. Amend. XV. Because the Complaint does not present any factual allegations relating to Plaintiff's ability to vote, he has not stated a Fifteenth Amendment claim.

Second, the Delaware Department of Justice is immune from suit under the Eleventh Amendment. *See e.g.*, *Alston v. Administrative Offices of Delaware Courts*, 178 F. Supp. 3d 222, 229 (D. Del.), *aff'd*, 663 F. App'x 105 (3d Cir. 2016). Similarly, Kathleen Jennings, Attorney General of the State of Delaware has prosecutorial

4

immunity for the claims raised against her. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions, see Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008), and prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983, Imbler v. Pachtman, 424 U.S. 409, 410 (1976).

In addition, several named Defendants are not state actors as is required to state a claim under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law). Those Defendants are the Office of Defense Services, Kevin O'Connell, and TKO Maynard. There are no allegations that these Defendants acted under color of state law, and therefore they will be dismissed.

Finally, the Complaints name the Wilmington Police Department and its Chief of Police Robert Tracy as Defendants. There are no allegations directed towards either defendant. While a government entity, like the City of Wilmington, may be liable for the actions of its employees, this may occur only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). The Complaint does not refer to any City of Wilmington policy or custom that caused the alleged constitutional violations. Absent any allegation that a custom or policy established by the City of Wilmington directly caused harm to Plaintiff, his § 1983 claim cannot stand. Moreover, the Complaint does not allege Tracy's personal involvement. Claims brought pursuant to 42 U.S.C. § 1983 require a

showing that a defendant was personally involved in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Both the Wilmington Police Department and Chief Tracy will therefore be dismissed.

## IV.     CONCLUSION

For the above reasons, the Court will dismiss the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).  Amendment is futile.

An appropriate Order will be entered.